UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
JEAN-PHILIPPE MAHEU,                )
                                    )   Civ. A. No. 1:25-cv-836
            Petitioner              )
                                    )
      v.                            )
                                    )
TWITTER, INC. and X CORP.,          )
                                    )
            Respondents             )
_____ )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/25

**MEMORANDUM ENDORSED**

### PETITIONER'S MOTION TO FILE DOCUMENTS UNDER SEAL

Petitioner Jean-Philippe Maheu hereby moves, in conjunction with his Petition to Confirm Arbitration Award, to file the Final Award under seal. The Final Award is attached as Exhibit 1 to both his Petition as well as his Motion to Confirm.

Petitioner is seeking to file this Award under seal out of an abundance of caution because he understands that Twitter takes the position that the Award should not be public.

Dated: January 28, 2025

Respectfully submitted,

JEAN-PHILIPPE MAHEU,

By his attorney,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

Application denied without prejudice.  Petitioner's motion to seal the arbitration award, Dkt. No. 5, is denied without prejudice.  The arbitration award is a "judicial document," as it "has been placed before the court by the parties and . . . is relevant to the performance of the judicial function and useful in the judicial process."  *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quotation omitted).  Accordingly, the arbitration award is subject to "a potent and fundamental presumptive right of public access."  *Id.* at 58.  A party's unelaborated "position" that the arbitration award "should not be public," Dkt. No. 3, is not a basis to defeat that presumptive right of public access, *see Mirlis*, 952 F.3d at 59; *see also DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action.").  Nor is a party's unelaborated "understand[ing]" that another party believes that the arbitration award should not be public.  Dkt. No. 3.

Any renewed motion to seal must comply with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, which requires, among other things, that a motion to seal "explain the particular reasons" for seeking to file a document, or information within a document, under seal.

Petitioner is directed to file the arbitration award on the public docket on February 12, 2025, unless a motion to seal is submitted by any party before that date.  Petitioner should not file the arbitration award on the public docket before February 12, 2025.

Petitioner is directed to serve a copy of this order on Respondents by February 5, 2025 and to file an affidavit of such service with the Court by February 10, 2025.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 3.

SO ORDERED.

Dated: January 29, 2025
New York, New York

GREGORY H. WOODS
United States District Judge

2