

**The New York Times Company**

Al-Amyn Sumar
Legal Department

T 202 862 7705

al-amyn.sumar@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

February 21, 2025

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Maheu v. Twitter, Inc., et al*, 25-cv-836-GHW – Access to Sealed Records

Dear Judge Woods:

I write on behalf of reporter Kate Conger and The New York Times Company (together, "The Times") to seek access to certain records that remain under seal in this now-concluded case.[1] Specifically, The Times seeks to unseal the arbitration award that was attached to both the petition to confirm the arbitration award (Dkt. 1) and the motion to confirm the arbitration award (Dkt. 4). The Court correctly recognized that the arbitration award is a judicial document subject to a presumptive right of access. Dkt. 7 at 2. That presumption is not overcome merely because one party in this action (Twitter) apparently believes the award "should not be public." *Id.* The award should be unsealed.[2]

---

[1] The right of access is an affirmative, enforceable public right, and the standing of the press to enforce it is well settled. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

[2] The undersigned contacted the parties' counsel — Shannon Liss-Riordan for Mr. Maheu, and Eric Meckley and Ellyde Thompson for Twitter, *see* Dkt. 2 — to ascertain their position on this unsealing request. Mr. Maheu takes no position; Twitter did not respond. The undersigned is also serving a copy of this letter on the parties' counsel by email.

**Background**

The petitioner, Jean-Philippe Maheu, initiated this action on January 28, 2025. *See* Dkt. 1. Mr. Maheu is a former employee of Twitter[3] who alleges he was terminated in November 2022 and subsequently arbitrated his claims against the company. *Id.* ¶¶ 5-10. The arbitrator entered a final award in Mr. Maheu's favor on November 22, 2024. *Id.* ¶ 10.

Also on January 28, Mr. Maheu moved to file the award under seal — not because it contains sensitive information about Twitter but "out of an abundance of caution because he understands that Twitter takes the position that the Award should not be public." Dkt. 3 at 1. The next day, the Court denied the motion without prejudice. Dkt. 7 at 2. It noted that the arbitration award is a "judicial document" because "it has been placed before the court by the parties and is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020)) (cleaned up). The award is therefore "subject to 'a potent and fundamental presumptive right of public access.'" *Id.* (quoting *Mirlis*, 952 F.3d at 58). That presumption is not overcome, according to the Court, by one party's "understanding" that the other party believes the document "should not be public." *Id.* (cleaned up).

The Court's order directed Mr. Maheu to file the arbitration award on the public docket by February 12, 2025, unless any party filed a motion to seal before that date. *Id.* No party did. Instead, on February 12, 2025, Mr. Maheu filed a notice of voluntary dismissal. *See* Dkt. 15.

**Argument**

To start, the parties have already forfeited their ability to justify the sealing of the arbitration award. The Court's January 29 order directed Mr. Maheu to publicly file the award unless either party filed a motion to seal. No such motion was filed, and the Court did not relieve the parties of their obligation to comply with its January 29 order. The Court is accordingly empowered to unseal the award immediately, and it should do so: the First Amendment right of access is a contemporaneous right, and its loss, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 127 (2d Cir. 2006).

---

[3] The company is now known as X Corp. For simplicity, this letter refers to the company as Twitter, as it was known at the time of Mr. Maheu's alleged termination.

Even if the Court opts to consider the merits, it need only reaffirm what it previously said: the award is a judicial document subject to a weighty right of public access. In a proceeding to confirm an arbitration award, a final award is "relevant to the performance of the judicial function and useful in the judicial process" because, like other documents attached to the petition, it "directly affect[s] the Court's adjudication of that petition." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2023 U.S. Dist. LEXIS 162413, at *5-6 (S.D.N.Y. Sept. 13, 2023) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995), and *Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15-cv-165, 2015 U.S. Dist. LEXIS 13792, at *6 (S.D.N.Y. Feb. 5, 2015)); *see also, e.g.*, *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, No. 23-cv-5219, 2024 U.S. Dist. LEXIS 56443, at *12-13 (S.D.N.Y. Mar. 28, 2024) (same).

The showing required to overcome the public right of access is considerable. That right has two sources: the common law and the First Amendment. Under the common-law analysis, an arbitration award submitted as part of a petition to confirm is generally subject to a "strong" presumption of public access, displaced only when the proponent of sealing shows that countervailing factors make secrecy necessary. *Eletson Holdings*, 2023 U.S. Dist. LEXIS 162413, at *10. The First Amendment standard is even more stringent: documents may be sealed only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120; *see id.* at 126 (noting that the First Amendment creates a "higher burden" to justify sealing); *Metro Risk Mgmt. Agency v. Hudson Specialty Ins. Co.*, No. 23-cv-1944, 2023 U.S. Dist. LEXIS 46019, at *5 (S.D.N.Y. Mar. 16, 2023) (noting that "[c]ourts in this District have thus found that petitions to confirm arbitral awards are subject to the First Amendment right of access," and denying motion to redact the petition).[4]

Here, no real justification has been provided for the blanket sealing. As the Court noted, one party's "unelaborated understanding" that the other party believes the

---

[4] The First Amendment right attaches to civil proceedings (and their associated documents) because such proceedings "have historically been open to the press and general public" and because "public access plays a significant positive role in the functioning of the particular process in question." *Lugosch*, 435 F.3d at 120 (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986)); *see, e.g., id.* at 124 (First Amendment right attaches to summary judgment papers); *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-cv-3694, 2011 U.S. Dist. LEXIS 138455, at *7 (S.D.N.Y. Nov. 30, 2011) (First Amendment right attaches to petition and supporting documents because an "unopposed petition for confirmation of an arbitration award is treated as akin to a motion for summary judgment").

3

sealed records "should not be public" is not a legitimate basis for sealing. Dkt. 7 at 2 (cleaned up). Nor is the mere fact that the arbitration proceedings were confidential. *See, e.g.*, *Eletson Holdings*, 2023 U.S. Dist. LEXIS 162413, at *15.[5]

That the case has now been dismissed does not defeat the public's right of access. Time and again, the Second Circuit has rejected the argument that the settlement of a case or mootness of a motion changes the status of what are otherwise judicial documents. *See, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("Pleadings are considered judicial records even when the case is pending before judgment or resolved by settlement." (cleaned up)); *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 141-42 (2d Cir. 2017) (explaining that the judicial-document inquiry does not turn on whether the court "has already considered" the documents; instead, the "case law is clear" that summary judgment papers are "judicial documents upon filing"); *Abelar v. IBM*, 76 F.4th 74, 85 (2d. Cir. 2023) ("The fact that the district court did not reach the merits of Plaintiffs' motion does not change the analysis [of whether the motion papers are judicial documents].").

Nor does the Second Circuit's decision in *Stafford v. IBM*, 78 F.4th 62 (2d Cir. 2023), control the outcome here. Although the court found that the presumption of access was "weaker" once the petition became moot, it did so on the unique facts of the case: a stated desire by the petitioner's counsel to use the award in litigating similar arbitration claims and thereby "evade the confidentiality provision to which [the petitioner] agreed in her arbitration agreement." *Id.* at 70-71. There is no evidence of such an improper motive here. *See Eletson Holdings*, 2023 U.S. Dist. LEXIS 162413, at *13 (distinguishing *Stafford* and unsealing award where petition to confirm was "not filed to make public otherwise-confidential materials"). And even a relatively weaker presumption of access would mandate unsealing where, as here, no justification for the sealing has been provided. In any event, *Stafford* addresses only the common-law right of access, not the constitutional right. The First Amendment standard is the same for every judicial document to which that right applies: sealing must be essential to preserve an overriding interest, narrowly tailored to that interest, and supported by specific, on-the-record findings. *See, e.g.*, *Lugosch*, 435 F.3d at 124. The parties have not seriously tried to meet this standard, nor can they.

We thank the Court for its consideration of this matter.

---

[5] If the Court permits a party belatedly to try justifying the sealing, The Times respectfully requests an opportunity to reply.

Respectfully submitted,

Al-Amyn Sumar

cc: Shannon Liss-Riordan (via email)
Eric Meckley (via email)
Ellyde R. Thompson (via email)