willenken

707 Wilshire Blvd.
Suite 4100
Los Angeles, CA 90017

TEL 213.955.9240
FAX 213.955.9250

willenken.com

Kenneth Trujillo-Jamison
ktrujillo-jamison@willenken.com

March 21, 2025

**VIA ECF ONLY**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Maheu v. Twitter, Inc., et al.*, Case No. 25-cv-836-GHW – Motion for Approval to Seal

Dear Judge Woods:

Pursuant to Your Honor's Memo Endorsement dated January 29, 2025, Your Honor's Order dated February 22, 2025 (Dkt. 18), and Your Honor's Memo Endorsement dated March 1, 2025, Respondent X Corp. (which is also the successor in interest to Respondent Twitter, Inc.) respectfully moves for approval to file under seal the unredacted version of the arbitration award filed in this case ("Final Award").

Petitioner voluntarily dismissed his petition to confirm the Final Award before the Court considered the merits of his petition. As such, the presumption of public access to be afforded to the Final Award is weak. And several factors present here—including the important policy considerations of preserving the confidentiality of arbitral proceedings, as recognized by the Federal Arbitration Act, the parties' agreement to keep the contents and results of the arbitration confidential, and the Petitioner's private financial information contained in the Final Award—counsel against public disclosure of the unredacted version of the Final Award. Those factors also constitute "higher values" that outweigh the First Amendment right to public access to the document. As such, the Court should grant X Corp.'s motion and seal the unredacted version of the Final Award.

Background. In this case, the parties conducted an arbitration under a "Dispute Resolution Agreement" "governed by the Federal Arbitration Act." Dkt. 1 at 2 ¶¶ 5–9; *id*, Ex. 2, at 2. In that agreement, the parties agreed, among other things, that "[e]xcept as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, *content*, or *results* of any arbitration without the prior written consent of all parties." *Id.* at 4 (emphasis added). After the conclusion of the arbitration, the arbitrator issued the Final Award which, among other things, contains citations and references to documents used in the arbitration, the arbitrator's analysis and reasoning, and the results of the arbitration. Dkt. 1 at 2 ¶ 10. Petitioner later initiated this action seeking to confirm that award. *Id.* at 3 ¶ 11.

In connection with filing the petition in this case, Petitioner filed a Motion to File Documents Under Seal. Dkt. 3. On January 29, 2025, the Court denied Petitioner's motion, reasoning that "[a] party's unelaborated 'position' that the arbitration award 'should not be public'" and "a party's unelaborated 'understand[ing]' that another party believes that the arbitration award should be public" were "not a basis to defeat [the] presumptive right of public

March 21, 2025
Page 2

access" to the award. Dkt. 7 at 2. The Court directed Petitioner to "file the arbitration award on the public docket on February 12, 2025, unless a motion to seal is submitted by any party before that date." *Id.* On that day, Petitioner filed a notice of voluntary dismissal, which the Court so-ordered the same day. Dkts. 15, 16. Nine days later, non-parties The New York Times Company and reporter Kate Conger (collectively, "The Times") filed a letter seeking access to the Final Award. Dkt. 17. The next day, the Court extended the deadline for filing a motion to seal until March 7, 2025. Dkt. 18 at 2. The Court later granted Respondent X Corp.'s letter-motion for a further extension of that deadline until today. Dkt. 24.

<u>Argument</u>. The unredacted version of the Final Award merits sealing. *First*, the presumption of public access to the Final Award is weak because Petitioner voluntarily dismissed his petition before the Court considered it. "The weight to be accorded is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Kakkera*, 2023 WL 4624681, at *1 (S.D.N.Y. July 19, 2023) (Woods, J.) (quoting *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal quotation marks omitted)). Petitioner's voluntary dismissal of this action "moot[ed]" the petition. *See Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023); Dkt. 16. The Final Award "played no role in [the Court's] exercise of Article III judicial power," *see id.* (citation and quotation marks omitted), and as such "the presumption of access does not have substantial weight," *see Brandon v. NPG Records, Inc.*, 2020 WL 2086008, at *10 (S.D.N.Y. Apr. 30, 2020) (Woods, J.).

*Second*, several factors counsel against the public disclosure of the Final Award and constitute higher values that outweigh the First Amendment right of public access. The Second Circuit has repeatedly affirmed the "FAA's strong policy protecting the confidentiality of arbitral proceedings," which is a "paradigmatic aspect of arbitration." *Stafford*, 78 F.4th at 70, 71 (citation omitted). Accordingly, the Second Circuit has repeatedly "affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal." *See id.* (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004) (confidential settlement) and *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (confidential arbitration award)). Here, the Final Award was issued after an arbitration governed by the Federal Arbitration Act. *See* Dkt. 1 at 2 ¶¶ 6–11; Dkt. 1-2 at 2 ("This Agreement is governed by the Federal Arbitration Act"). And underscoring the confidentiality of the Final Award, Petitioner and X Corp. agreed that "[e]xcept as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, *contents*, or *results* of any arbitration hereunder without the prior written consent of all parties." Dkt. 1-2 at 4 (emphasis added). The Final Award contains, among other things, the "contents" and "results" of the underlying arbitration, which the parties agreed to keep confidential. *Id.* The Final Award also includes private financial information about Petitioner that warrants sealing. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (Woods, J.) (privacy interests "establish a venerable common law exception to the presumption of access.") (internal quotation marks and citation omitted); *see* Rule 4(A)(i) of the Individual



March 21, 2025
Page 3

Rules of Practice in Civil Cases ("individual financial information" "may warrant a motion for approval of sealed or redacted filing"); *see also* Dkt. 25 (Petitioner requesting "the dollar amount of the award to be redacted" for "privacy purposes").

The Second Circuit's decision in *Stafford* is instructive. There, the petitioner moved to confirm an arbitration award but the defendant mooted the petition by paying it. 78 F.4th at 66. The Second Circuit held that the district court erred by granting a motion to unseal the award, determining that the mooting of the petition "diminish[ed the] presumption of access" to the arbitration award, and that "the importance of confidentiality under the FAA" (as well as the petitioner's "improper attempt to evade the confidentiality provision" of the underlying arbitration agreement) merited sealing it. *Stafford*, 78 F.4th at 66. Although that case did not involve the First Amendment right of public access and there is no evidence of any improper attempt to evade confidentiality here, the core bases of the *Stafford* court's reasoning—the "FAA's strong policy protecting the confidentiality of arbitral proceedings," weighed against the "diminished presumption of access" to the arbitration award after the petition was mooted—counsel against public disclosure of the unredacted version of the Final Award.[1] *Id.*

Conclusion. For all these reasons, the motion to seal should be granted, and the Court should seal the unredacted version of the Final Award.[2]

---

[1] *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2023 WL 5956144 (S.D.N.Y. Sept. 13, 2023), on which the Times relies in its letter (Dkt. 17), does not dictate a different result. There, the Court reasoned that "[a] strong presumption of public access . . . attaches to papers submitted in connection with a petition to confirm an arbitration award" because those "papers 'directly affect an adjudication' and are 'central to the judicial function.'" *Id.* at *3 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Here, the Court did not "adjudicat[e]" Petitioner's petition; rather, Petitioner voluntarily dismissed this action before the Court performed that "judicial function." *See id.* For similar reasons, *Metro Risk Mgmt. Agency v. Hudson Specialty Ins. Co.*, No. 23-cv-1944, 2023 WL 2575117 (S.D.N.Y. Mar. 16, 2023), also cited by The Times in its letter, does not compel a different result. There, the Court held the defendant's "generalized concern" that public disclosure of certain allegations in the petition would cause "embarrassment and speculative business harms to the arbitrators" was not "sufficient to overcome the First Amendment public right of access to" the petition, in part because the "allegations" were "important to at least one of [Petitioner's] grounds for vacating the arbitration award" and were "thus *necessary to understand the merits*" of Petitioner's action. *Id.* at *2–3 (emphasis added; internal quotation marks omitted). Because Petitioner's voluntary dismissal of the action mooted the petition, the Final Award is not "necessary to understand the merits" of any issue in this case. *See id.* at *1.

[2] If the Court is inclined to deny X Corp.'s motion, X Corp. respectfully requests in the alternative that the Court grant it leave to submit an amended motion to seal. *See Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, No. 21-cv-00207, 2021 WL 3540221, at *4



March 21, 2025
Page 4

Sincerely,

*/s/ Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison (admitted pro hac vice)
Peter Shimamoto

Counsel for Respondent X Corp.

---

(S.D.N.Y. Aug. 11, 2021) (denying motion to seal without prejudice and permitting movants to submit amended motion).



707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
TEL 213.955.9240   FAX 213.955.9250   willenken.com