

Tim Tai
First Amendment Fellow

T 212 556 1244

timothy.tai@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

March 28, 2025

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Maheu v. Twitter, Inc.*, 25-cv-836-GHW — Reply in Further Support of Motion to Unseal Judicial Records

Dear Judge Woods:

Pursuant to Your Honor's February 22, 2025, Order (Dkt. 18), reporter Kate Conger and The New York Times Company (together, "The Times") submit this reply in opposition to Respondent X Corp.'s motion to seal the unredacted arbitration award at issue in this case (Dkt. 28, hereinafter "X Mot.") and in further support of The Times's motion to unseal that award (Dkt. 17, hereinafter "NYT Mot.").[1] X's primary basis for sealing—a generalized interest in keeping arbitration proceedings confidential—cannot overcome the presumption of public access to judicial records under either the common law or the more rigorous First Amendment standard, which X does not dispute applies here. The Court should unseal the award.

**I.     X Cannot Overcome the Strong First Amendment Right of Access.**

X appears to concede, as it must, that the award is a judicial record subject to a presumptive right of public access under the First Amendment. X

---

[1] Though Rule 1(A) of Your Honor's Individual Rules of Practice in Civil Cases limits letters to three pages, this letter is the functional equivalent of a reply brief, and The Times's position is that the length requirements in Local Civil Rule 7.1 govern instead. If the Court disagrees, The Times is prepared to make a formal motion to intervene and re-file this letter and its prior letter as briefs.

Mot. at 1-3; *see* NYT Mot. at 3-4 & n.4. Yet X, relying on *Stafford v. IBM Corp.*, 78 F.4th 62 (2d Cir. 2023), claims the presumption here is "weak because Petitioner voluntarily dismissed his petition before the Court considered it." X Mot. at 2. That mistakenly conflates the common-law access right with the even stronger constitutional right. *Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) ("[I]t is necessary to keep the two standards conceptually distinct when analyzing a particular . . . document."). As X recognizes, *Stafford* "did not involve the First Amendment right of public access." X Mot. at 3. Once the First Amendment right attaches, the court does not "determine the weight of the presumption and measure it against competing considerations." *United States v. Erie County*, 763 F.3d 235, 241 (2d Cir. 2014). Instead, a record "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 239 (brackets omitted). The petition's dismissal thus cannot diminish the "more stringent" First Amendment presumption of access to the award. *Id.* at 241.[2]

X proffers three reasons for sealing: (1) a generalized interest in "preserving the confidentiality of arbitral proceedings"; (2) "the parties' agreement to keep the contents and results of the arbitration confidential"; and (3) the award's mention of Petitioner Maheu's "private financial information." X Mot. at 1. None is sufficient to overcome the strong constitutional right of access.

*First*, as courts in this district have repeatedly explained, the mere fact that arbitration proceedings are conducted confidentially cannot justify sealing arbitration awards that are otherwise subject to the access right. *See, e.g.*, *Bristol-Myers Squibb Co. v. Nov Artis Pharma AG*, No. 22-cv-4162, 2022 U.S. Dist. LEXIS 106324, at *7-8, 10 (S.D.N.Y. June 14, 2022) (finding "policy considerations" of arbitral confidentiality inadequate to overcome First Amendment presumption and collecting cases). Indeed, X makes no attempt to show how a generic interest in arbitral secrecy would warrant sealing this particular document. *See, e.g.*, *Gen. Re Life Corp. v. Am. Gen.*

---

[2] X's attempt (X Mot. at 3 n.1) to distinguish *Metro Risk Management Agency v. Hudson Specialty Insurance Co.*, No. 23-cv-1944, 2023 U.S. Dist. LEXIS 46019 (S.D.N.Y. Mar. 16, 2023), similarly fails because the First Amendment access right attaches even if a case is voluntarily dismissed, *see* NYT Mot. at 4.

*Life Ins. Co.*, No. 23-cv-5219, 2024 U.S. Dist. LEXIS 56443, at *15 (S.D.N.Y. Mar. 28, 2024) (refusing to seal arbitration award based on "vague, general, and undifferentiated" interests). For instance, it offers no evidence that the company would be harmed by disclosure of the award. *See, e.g.*, *Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgmt. Co.*, No. 12-cv-3274, 2012 U.S. Dist. LEXIS 118233, at *16 (S.D.N.Y. Aug. 21, 2012) ("Respondents do not point to any specific information contained in the Final Award the disclosure of which would be harmful to any party."). And nothing suggests the award's contents—"citations and references to documents used in the arbitration, the arbitrator's analysis and reasoning, and the results of the arbitration," X Mot. at 1—are at all sensitive.

*Second*, and relatedly, the parties cannot bargain away the *public*'s First Amendment rights simply by agreeing between themselves to keep the award confidential. *See, e.g.*, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (rejecting parties' attempt to keep voluntarily dismissed complaint under seal pursuant to private settlement agreement); *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 359 (S.D.N.Y. 2020) (Woods, J.) (finding it well settled that the "existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access"); Individual R. of Prac. in Civ. Cases 4(A)(ii). Put simply, "[i]f the prevailing party in arbitration feels compelled to reduce its award to a judgment, its opponent should understand that the proceedings will no longer be secret, no matter what the parties have agreed."[3] *Bristol-Myers Squibb*, 2022 U.S. Dist. LEXIS 106324, at *10-11. X does not explain why this case should be any different.

*Third*, X's vague references to "private financial information" of the petitioner also fall short. X never explains what that information is or why it should be deemed private, and the only information that Mr. Maheu asks to redact is the "dollar amount of his particular award." Dkt. 25 at 1. But his unelaborated assertion that this figure "is not of great public interest or

---

[3] The parties expressly recognized this in agreeing that a court "shall have the authority to enter a judgment upon the award" and in consenting to disclosure of the award when "permitted or required by law." Dkt. 1-2 at 4; *see, e.g.*, *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-cv-7331, 2023 U.S. Dist. LEXIS 162413, at *15 n.2 (S.D.N.Y. Sept. 13, 2023).

3

importance," *id.*, is far too conclusory to overcome the access right, *see Bernstein*, 814 F.3d at 144-45; *Bristol-Myers Squibb*, 2022 U.S. Dist. LEXIS 106324, at *17 (refusing to seal award amount). In any event, the public does have an interest in knowing the value of a judgment sought by a party leveraging judicial resources to obtain it. *See, e.g.*, *Bernstein*, 814 F.3d at 140 (describing how even settled pleadings provide valuable information); *Olano v. Designs by RJR, Ltd.*, No. 17-cv-5703, 2017 U.S. Dist. LEXIS 166279, at *4 (S.D.N.Y. Oct. 6, 2017) (finding the "public has a substantial interest in the amount of settlement").

## II.    X Also Cannot Overcome the Common-Law Presumption of Access.

Although the Court need not address the common-law right because the First Amendment standard is more demanding, *see Erie County*, 763 F.3d at 241, X's claim that the common-law presumption here is "weak" is also incorrect. The Second Circuit has made clear that even if a suit is settled before judgment, the presumption of access to its initiating documents remains overall "strong." *Bernstein*, 814 F.3d at 142 (finding "strong" common-law access right to complaint that was settled before being unsealed). That is because "[i]t is the [petition] that invokes the powers of the court, states the causes of action, and prays for relief." *Id.*; *see also id.* at 140 (finding that "the fact of filing a complaint" is "a significant matter of record"). The mootness of a complaint or petition is one factor that may lessen the strength of the presumption, *see Stafford*, 78 F.4th at 70, but it does not without more render the presumption insubstantial. The public continues to have a strong interest in understanding why "a claim has been leveled and [why] state power has been invoked—and public resources spent—in an effort to resolve the dispute." *Bernstein*, 814 F.3d at 141.

And for the reasons already described, the common-law right also requires unsealing here. As the party opposing disclosure, X bears the burden to "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024). It has not done so. *See id.* ("Broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." (brackets omitted)). To the contrary: by publicly disclosing portions of the award (Dkt. 28-1), X effectively concedes that its purported interest in keeping arbitration materials

4

confidential is not all that weighty. *Contra* X Mot. at 2 (relying on parties' agreement not to disclose "existence" or "contents" of arbitration). And it never specifies why the redacted portions should be treated any differently from the unredacted portions. *See, e.g.*, *Dickerson v. Novartis Corp.*, No. 15-cv-1980, 2016 U.S. Dist. LEXIS 197595, at *10 (S.D.N.Y. Apr. 11, 2016) (Woods, J.) (unsealing redacted portions of third-party neutral's declaration where the parties "offer[ed] no particular interest to justify redactions"). X thus fails to overcome the common-law presumption of access as well.[4]

For these reasons and for those stated in The Times's motion, the Court should unseal the unredacted award.[5]

Respectfully submitted,

Timothy Tai

cc:     All counsel of record (via ECF)

---

[4] *Stafford* does not compel a different result because, as already noted (NYT Mot. at 4), it rested on a finding that the petitioner's effort "to evade the confidentiality provision to which [she] agreed in her arbitration agreement" was "a strong countervailing consideration against unsealing." 78 F.4th at 71. Here, X correctly recognizes "there is no evidence of any improper attempt to evade confidentiality." X Mot. at 3.

[5] The Court should also deny X's alternative request (X Mot. at 3-4 n.2) for another opportunity to justify sealing. A delay in unsealing the award would prejudice The Times because "the First Amendment right of access is a contemporaneous right, and its loss, 'for even minimal periods of time, unquestionably constitutes irreparable injury.'" NYT Mot. at 2 (quoting *Lugosch v. Pyramid Co.*, 435 F.3d 110, 127 (2d Cir. 2006)). X could have—but did not—move to seal before the Court's initial deadline of February 12, 2025 (Dkt. 7 at 2); it received two extensions to file the instant sealing motion (Dkts. 18, 24); and it does not point to anything it would raise in an amended motion that it could not raise now.