willenken

June 23, 2025

707 Wilshire Blvd.
Suite 4100
Los Angeles, CA 90017

**VIA ECF ONLY**

TEL 213.955.9240
FAX 213.955.9250

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

willenken.com

Kenneth M. Trujillo-Jamison
ktrujillo-jamison@willenken.com
213.955.8031

Re:   *Maheu v. Twitter, Inc., et al.*, Case No. 25-cv-836-GHW (S.D.N.Y.)
      <u>Motion Seeking Stay of June 20, 2025 Order Denying X Corp.'s Motion to Seal</u>

Dear Judge Woods:

      Under Paragraph I.A of Your Honor's Individual Rules of Practice in Civil Cases and Rule 7.1(e) of this Court's Local Rules, respondent X Corp. (which is also the successor in interest to respondent Twitter, Inc.) respectfully moves for a stay of the execution of the Court's June 20, 2025 order denying X Corp.'s motion seeking an order to seal the confidential arbitral award filed in this case (Dkt. 32; "Denial Order"), until X Corp. files a notice of appeal from the Denial Order and while that appeal is pending.[1] Non-parties The New York Times Company and Kate Conger ("The Times") take no position on the stay X Corp. requests in this motion. As of when this motion is being filed, counsel for Petitioner had not informed counsel for X Corp. of its position.

      X Corp. seeks a stay of the execution of the Denial Order's directive to unseal the confidential arbitral award in this case (the "Award") to maintain the status quo while it pursues its appeal—which concerns important, countervailing issues about the First Amendment right of public access and the confidentiality of arbitral proceedings under the Federal Arbitration Act. Unsealing the Award now would effectively moot X Corp.'s appeal, as even a favorable decision from the Second Circuit could not remedy the injury X Corp. would have incurred by public release of the Award.

      The stay X Corp. seeks is like the relief granted by this Court in *Stafford v. Int'l Bus. Machs. Corp.*, No. 21-CV-6167 (JPO), 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022), *rev'd and vacated on other grounds*, 78 F.4th 62 (2d Cir. 2023), and in *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, No. 14-CV-6867, 2016 WL 1071107 (S.D.N.Y. Mar. 18, 2016), *aff'd*, 814 F.3d 132 (2d Cir. 2016). In *Stafford*, the Court stayed its unsealing order for 30 days and also ordered that the arbitral award remain sealed if the defendant timely filed a notice of appeal. 2022 WL 1486494, at *3. This Court in *Bernstein* ordered the same relief. 2016 WL 1071107, at *16. This Court's approach in both cases was sound, preserving the status quo while the parties pursued their appeals. And, consistent with this Court's approach in *Stafford* and *Bernstein*, courts in this circuit routinely stay orders involving sealing issues pending appellate review. *See, e.g.*, *United States v. Cicale*, No. 05-CR-60-2, 2018 WL 388941, at *5 (E.D.N.Y. Jan. 11, 2018) (staying execution of order granting in part motion to unseal documents subject to the First Amendment right of public access for 30 days "so that any party that wishes to appeal . . . may seek a lengthier

---

[1] X Corp. intends to file a notice of appeal from the Denial Order as soon as tomorrow.



The Honorable Gregory H. Woods
June 23, 2025
Page 2

stay from the Court of Appeals"); *see also In re Search Warrant for Second Floor Bedroom*, 489 F. Supp. 207, 212 (D.R.I. 1980) (staying order on motion to unseal pending appeal "to preserve the status quo and prevent irreparable harm"); *Walmart Inc. v. Synchrony Bank*, No. 18-CV-05216, 2020 WL 475829, at *5 (W.D. Ark. Jan. 29, 2020) ("[A]ny appellate review of [the] prior Order unsealing the Complaint will be rendered toothless if the Court denies a stay pending appeal and immediately unseals the sealed Complaint."); *Seidl v. Am. Century Cos., Inc.*, No. 10-4152-CV, 2014 WL 10937513, at *8 (W.D. Mo. July 2, 2014) (in staying order on motion to unseal pending appeal, noting that "[o]therwise, the information would be revealed to the public before Defendants could protect their interests by seeking appellate review").

When deciding whether to stay an order pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Because "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (citation modified). Each of these factors weighs in favor of the stay X Corp. requests.

*First*, X Corp. "has made a strong showing that [it] is likely to succeed on the merits." *See Hilton*, 481 U.S. at 776. As explained in X Corp.'s Motion for Approval to Seal (Dkt. 28), "several factors . . . constitute higher values that outweigh the First Amendment right to public access," including the "FAA's strong policy protecting the confidentiality of arbitral proceedings." *Id.* at 2 (quoting *Stafford*, 78 F.4th at 70, and citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir. 2004) and *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). As the Denial Order indicates, the Second Circuit has not issued any controlling opinion as to whether the confidentiality of arbitral proceedings constitutes a "higher value" sufficient to overcome the presumption of access under the First Amendment where, as here, Petitioner voluntarily dismissed the action before this Court considered the Award in connection with the petition. *See* Denial Order at 6–7 (citing only district court cases). X Corp.'s appeal of the Denial Order, at the very least, raises "substantial questions" meriting a stay pending appeal. *See A&M Records, Inc. v. Napster, Inc.*, No. 00-16401, 00-16403, 2000 WL 1055915, at *1 (9th Cir. July 28, 2000) (in granting emergency motion to stay pending appeal, finding that appellant "raised substantial questions of first impression going to . . . the merits"); *see also Winters v. United States*, 89 S. Ct. 57, 59 (1968) (Douglas, J.) ("[i]n federal law, a stay is granted if substantial questions are presented and if denial of a stay may result in irreparable damage to the applicant").

*Second*, X Corp. "will be irreparably injured absent a stay." *See Hilton*, 481 U.S. at 776. Absent a stay, the confidentiality of the arbitration award at issue would be irrevocably breached, causing irreparable injury to X Corp. *See S.E.C. v. TheStreet.com*, 273 F.3d 222, 228 (2d Cir. 2001) ("the alleged harm caused by disclosure of the Confidential Testimony would be immediate and



707 Wilshire Blvd., Suite 4100, Los Angeles, CA 90017
TEL 213.955.9240   FAX 213.955.9250   willenken.com

The Honorable Gregory H. Woods
June 23, 2025
Page 3

irreparable"). And if the Second Circuit later reverses the Court's Denial Order and orders that the Award be sealed, such an order could not remedy X Corp.'s injury if the Award is unsealed now.

*Third*, the stay sought by X Corp. would not "substantially injure the other parties interested in the proceeding." *See Hilton*, 481 U.S. at 776. Petitioner would suffer no injury under the stay. Rather, denying the stay would harm Petitioner, who seeks to keep the "dollar amount of his financial award" under seal. *See* Denial Order at 8. Although the Second Circuit has recognized a right of "immediate access" to sealed documents "where a right to access is found," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 127 (2d Cir. 2006), the requested stay will not impede The Times's "monitor[ing of] the work of the courts," *see id.*, nor would preserving the status quo injure The Times—considering the Award was the product of an already-concluded arbitration in an action voluntarily dismissed several months ago.

*Fourth*, "the public interest" lies in favor of the requested stay. *See Hilton*, 481 U.S. at 776. The Supreme Court has recognized the "liberal federal policy" of upholding arbitration agreements "according to their terms," *see AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 346 (2011), and, as noted, the Second Circuit has recognized "the FAA's strong policy protecting the confidentiality or arbitral proceedings," *Stafford*, 78 F.4th at 70. Although the Second Circuit has recognized the right of public access is "immediate," *Lugosch*, 435 F.3d at 126, that alone should not effectively vanquish X Corp.'s right to appeal from the Denial Order—which concerns an arbitration award that was not subject to any substantive order by this Court. And, denying the requested stay would render X Corp.'s appellate rights a practical nullity, as explained above, which would be contrary to the public interest.

In sum, all four factors weigh in favor of granting a stay of the Denial Order while X Corp.'s appeal from that order is pending. Accordingly, for these reasons, X Corp. respectfully requests that the Court stay the execution of the Denial Order until it timely files a notice of appeal and during the pendency of that appeal.[2]

Respectfully submitted,

*/s/Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison

cc:   Counsel of record (via ECF)

---

[2] In the alternative, X Corp. seeks a stay of the execution of the Denial Order pending the Court's resolution of this letter-motion.

